1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PEDRO NAVARRO,<br><br>    Plaintiff,<br><br>    v.<br><br>KING COUNTY SHERRIFF'S OFFICE, et al.,<br><br>    Defendants. | CASE NO. 2:23-CV-01496-LK<br><br>ORDER REMANDING CASE |

   This matter comes before the Court on pro se Plaintiff Pedro Navarro's Second Amended Complaint. Dkt. No. 23. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). In light of the revised allegations in Mr. Navarro's second amended complaint, the Court no longer has subject matter jurisdiction over this action. It therefore remands this case to King County Superior

ORDER REMANDING CASE - 1

Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) ("[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." (emphasis omitted)).

## I. BACKGROUND

Mr. Navarro sued the King County Sherriff's Office and Deputy Spencer Boyd in King County Superior Court, alleging that Deputy Boyd violated his state and federal constitutional rights during a February 2023 traffic stop. Dkt. No. 1-1 at 4–7. Defendants timely removed the action to federal district court based on federal question jurisdiction because Mr. Navarro's claims "ar[o]se under federal law." Dkt. No. 1 at 1–2; *see* 28 U.S.C. §§ 1331, 1441(a), 1446(a)–(b). Mr. Navarro immediately moved to amend his complaint to "withdraw[] all his federal claims . . . so that this case c[ould] be remanded back to the state court[.]" Dkt. No. 5 at 2; *see also id.* at 2–3 (proposing to "erase all claims" related to the Fourth and Fourteenth Amendment "because this case can be determined on state constitutional grounds alone and [because] state constitutional grounds provide greater protection against [i]llegal search and seizure th[a]n the federal constitution"). Defendants did not oppose Mr. Navarro's motion to amend his complaint and "have no objection to a remand to King County Superior Court." Dkt. No. 16 at 1.

Mr. Navarro filed a second amended complaint. Dkt. No. 23. As intended, he removed all federal causes of action and references to federal constitutional provisions. Mr. Navarro now alleges that Deputy Boyd violated Article 1, Sections 7 and 12 of the Washington State Constitution. *Id.* at 1, 5.

## II. DISCUSSION

"A plaintiff is the master of the plaintiff's complaint, and has the choice of pleading claims for relief under state or federal law (or both). If these claims do not involve federal law or diverse

parties, the action can be brought only in state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citation omitted).[1] As noted above, Defendants removed this case based solely on federal question jurisdiction. That jurisdictional basis was destroyed when Mr. Navarro filed his second amended complaint removing all federal claims. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (an action "arises under" federal law only when a federal question is presented on the face of the complaint). The Court thus concludes that it lacks subject matter jurisdiction and this case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

### III.  CONCLUSION

The Court ORDERS the following:

1. The above-captioned case is REMANDED to the Superior Court for King County in the State of Washington;

2. the Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County;

3. the Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court of King County; and

4. the Clerk of Court shall CLOSE this case.

Dated this 2nd day of November, 2023.

*Lauren King*

Lauren King
United States District Judge

---

[1] The parties are not diverse because all appear to have Washington citizenship. Dkt. No. 23 at 1–2; *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").